IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:11CR231–HEH
)
RYAN JONES, )
)
Petitioner. )

## MEMORANDUM OPINION
### (Denying 28 U.S.C. § 2255 Motion)

Ryan Jones, a federal inmate proceeding *pro se*, filed this motion under 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 27) to vacate, set aside, or correct his sentence. In his § 2255 Motion, Jones demands relief upon the following grounds:

Claim One    The Government breached the Plea Agreement by using uncharged crimes to increase Jones's base offense level. (§ 2255 Mot. 5.)

Claim Two    Counsel provided ineffective assistance by misadvising Jones as to the minimum sentence he could receive for Count One. (*Id.*)

Claim Three    Counsel provided ineffective assistance by failing to object to the Government's breach of the Plea Agreement. (*Id.*)

The United States has responded. (ECF No. 31.) The matter is ripe for judgment.

### I. Procedural History

On September 19, 2011, a Grand Jury charged Jones with one count of attempt to commit robbery affecting commerce (Count One) and using and carrying a firearm during and in relation to a crime of violence (Count Two). (Indictment 1–2.) Jones signed a Plea Agreement with the Government, which stipulated that the Government would recommend a sentence of 120 months of imprisonment for each count, to run

consecutively. (Plea Agreement ¶ 5.) The Government also promised Jones immunity from further prosecution in the Eastern District of Virginia for the conduct described in the Indictment and Statement of Facts, the latter of which described six additional robberies, and one attempted robbery, during each of which he brandished a firearm.[1] (*Id.* at ¶ 10; Statement of Facts ¶ 9.) The Plea Agreement stated that "no truthful information that the defendant provides under this agreement will be used in determining the applicable guideline range .... Nothing in this plea, however, restricts the Court's or Probation Officer's access to information and records in the possession of the United States." (Plea Agreement ¶ 11.)

Jones pled guilty, and on March 9, 2012, this Court convicted Jones of both counts, and, following the Government's recommendation, sentenced Jones to 240 months of imprisonment. (J. 1–2.)

## II. Claims One and Three: Alleged Breach of Plea Agreement

Jones alleges that the Government, by allowing the Probation Officer to incorporate uncharged conduct into the Sentencing Guidelines ("Guidelines") calculations, breached the Plea Agreement. Under the Guidelines, a plea agreement accompanied by a stipulation that specifically establishes the commission of additional

---

[1] Jones also confessed to: (1) the August 29, 2010 robbery of The 301 Express Mart, 2012 Maury Street, Richmond, VA; (2) the March 18, 2010 robbery of The Marketplace, 7933 Jefferson Davis Highway, Chesterfield, Virginia; (3) the May 10, 2010 robbery of The Miller Mart, 2910 Turner Road, Chesterfield, Virginia; (4) the June 14, 2010 robbery of The Miller Mart, 2910 Turner Road, Chesterfield, Virginia; (5) the August 27, 2010 robbery of The Marketplace, 7922 Jefferson Davis Highway, Chesterfield, Virginia (attempt); (6) the robbery of a convenience store on the north side of Richmond, Virginia in early spring, 2010; and (7) the February 12, 2011 robbery of The Miller Mart, 2910 Turner Road, Chesterfield, Virginia. (Statement of Facts ¶ 6, 9.) Jones brandished a firearm during each of these offenses. (*Id* at ¶ 9.)

offenses is treated as if the defendant had been convicted of additional counts charging those offenses. *U.S. Sentencing Guidelines Manual* § 1B1.2(c) (2011). In other words, as pertinent here, "if the defendant is convicted of one count of robbery but, as part of a plea agreement, admits to having committed [seven] additional robberies, the [G]uidelines are to be applied as if the defendant had been convicted of [eight] counts of robbery." *Id.* § 1B1.2 cmt. n.3.

When calculating Jones's offense level, the Probation Officer included the uncharged robberies, including Jones's brandishing a firearm during each robbery, stipulated in the Statement of Facts. (Statement of Facts ¶ 9.) Jones's additional robberies and brandishing charges amounted to eight units, which resulted in a five-level increase in the offense level for Count One. (Presentence Investigation Report ("PSR") Worksheet, ECF No. 18, at 42.)[2] Jones stipulated that he committed the additional robberies and brandishing offenses in the Statement of Facts, and affirmatively told the Court that the description of his conduct was accurate. (Dec. 2, 2011 Tr. 23.) Accordingly, the Probation Officer correctly included this information in the Guidelines calculation.[3] Because Jones fails to demonstrate that the Government violated the terms of the Plea Agreement, Claim One will be dismissed.

---

[2] The Court employs the pagination automatically assigned by the CM/ECF docketing system for the PSR in conjunction with its analysis of Claims One and Three.

[3] One piece of information used in the guidelines calculation was not included in the Statement of Facts; Jones's theft of a firearm during one robbery increased the offense level for Count One (F) by one additional level. (PSR Worksheet A, ECF No. 18, at 39.) However, that stolen firearm was recovered at the time of the arrest and was in the police report. Accordingly, it was not information provided pursuant to the Plea Agreement.

3

In Claim Three, Jones alleges that his counsel provided ineffective assistance by failing to challenge the Government's purported breach of the Plea Agreement described in Claim One. To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Jones has failed to demonstrate that the Government, in fact, breached the Plea Agreement. It follows that his counsel's failure to challenge the non-existent breach neither amounted to deficient performance, nor did it prejudice Jones's case. Accordingly, Claim Three will be dismissed.

### III. Claim Two: Alleged Inaccurate Advice as to Minimum Sentence for Count Two

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, a convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel

4

claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In Claim Two, Jones alleges that his attorney misinformed him that he faced a minimum sentence of 120 months if convicted of attempted robbery affecting commerce under 18 U.S.C. § 1951(a) (Count One). Jones asserts that he would have proceeded to trial had he known that the Probation Officer would calculate a guideline range of 97 to 120 months for Count One. (Mem. Supp. § 2255 Mot.) It is unclear if Jones intends to claim that counsel presented 120 months as a mandatory minimum sentence, or if this was her estimate of the likely Guidelines calculation. If counsel told Jones he faced a 10-year mandatory minimum sentence for Count One, it would amount to deficient performance under the first prong of *Strickland*. *United States v. Lewis*, 477 F. App'x. 79, 82 (4th Cir. 2012) (citation omitted).

The Court need not reach a conclusion as to what Jones intended to allege as to the deficient performance prong, because Jones fails to demonstrate any resulting prejudice. In the context of a guilty plea, the Supreme Court modified the second prong of *Strickland* to require a showing that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A defendant's assertion that he would not have pled guilty if he had received better assistance from counsel is not dispositive of the issue. *See U.S. v. Mora-Gomez*, 875 F. Supp. 1208, 1214 (E.D. Va. 1995). Rather, "[t]his is an objective inquiry and dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th

Cir. 2007) (internal citation omitted) (citing *Hill*, 474 U.S. at 59–60). The Court looks to all the facts and circumstances surrounding a petitioner's plea, including the likelihood of conviction and any potential sentencing benefit to pleading guilty. *Id.* at 369–70.

Jones fails to provide any facts that suggest that the likelihood of his conviction was anything short of certain. In fact, there is both an audio and video record of Jones's interview with law enforcement, in which "he immediately breaks down and just starts sobbing and not only confesses to his involvement in that robbery, but to six other robberies as well." (Mar. 9, 2012 Tr. 5–6.) Each of these robberies involved the same modus operandi, with Jones entering the convenience store with a t-shirt pulled up over his face, brandishing a firearm, and demanding money from the clerk. (PSR ¶¶ 13–20.) Jones fails to allege any facts that weigh in favor of an acquittal; accordingly, the likelihood that the Court would have convicted Jones suggests that he would not have proceeded to trial.

Furthermore, it is clear that Jones obtained an enormous sentencing benefit by accepting the Plea Agreement. The terms of the Plea Agreement ensured that the Government would recommend that Jones receive a sentence far below the possible maximum sentences of twenty years for Count One and life for Count Two. (Plea Agreement ¶ 5.) The Plea Agreement further shielded Jones from federal prosecution for the six additional robberies and one attempted robbery stipulated in the Statement of Facts, all of which included a potential additional charge for brandishing a firearm in connection to a crime of violence. (*Id.* at ¶ 10; Statement of Facts ¶ 9.)

The Indictment charged Jones with using and carrying a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c). "In the case of a second or subsequent conviction under this subsection [for using, carrying, or brandishing a firearm], the person shall . . . be sentenced to a term of imprisonment of not less than 25 years." 18 U.S.C. § 924(c)(1)(C)(i). Even more, each brandishing conviction must run consecutive to any sentence imposed for the crime during which the firearm was brandished. 18 U.S.C. § 924(c)(1)(D)(ii). By accepting the Plea Agreement, Jones avoided prosecution for crimes that required a minimum of 175 additional years of imprisonment for firearm brandishing charges alone, in addition to whatever sentence the Court could impose for the robberies themselves. Although Jones asserts that he would have proceeded to trial had he known that the Probation Officer would calculate a guideline range of 97 to 120 months for Count One (Mem. Supp. § 2255 Mot. 5), objectively, the likely outcome for Jones had he not pled guilty makes it evident that this assertion is frivolous. *Meyer*, 506 F.3d at 369–70. Because Jones has failed to demonstrate prejudice, Claim Two will be dismissed.

### IV. Motion for Specific Performance

On February 14, 2014, the Court received from Jones a "VERIFIED MOTION FOR SPECIFIC PERFORMANCE" ("Motion for Specific Performance," ECF No. 35), in which Jones requests that, if the Court finds that the Government breached the Plea Agreement entered into with Jones, the Court either permit him to withdraw his plea, or order specific performance of the agreement. (Mot. Specific Performance 1.) The Court, in its analysis of Claim One, concluded that the Government did not breach the Plea

7

Agreement with Jones. Accordingly, no relief is warranted, and the Motion for Specific Performance (ECF No. 35) will be denied.

## V. Conclusion

The § 2255 Motion (ECF No. 27) will be denied. The action will be dismissed. The Motion for Specific Performance (ECF No. 35) will be denied.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Jones has not satisfied this standard. A certificate of appealability will be denied.

An appropriate Final Order will follow.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Oct. 17, 2014
Richmond, Virginia