IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Civil Action No. 3:11-cr-231–HEH |
| ) | |
| RYAN JONES, ) | |
| ) | |
| Petitioner. ) | |

**MEMORANDUM OPINION**
(Granting 28 U.S.C. § 2255 Motion and Vacating Count Two)

Ryan Jones ("Petitioner" or "Jones"), a federal inmate proceeding with counsel, filed this authorized, successive 28 U.S.C. § 2255 motion ("Fourth § 2255 Motion," ECF No. 56), arguing that his firearm conviction in Count Two is invalid under *United States v. Taylor*, 142 S. Ct. 2015 (2022). For the reasons set out below, Jones' Fourth § 2255 Motion will be granted, and his conviction and sentence in Count Two will be vacated.

## I. PROCEDURAL HISTORY

On September 19, 2011, a Grand Jury indicted Jones for attempted robbery affecting commerce ("Attempted Hobbs Act Robbery"), in violation of 18 U.S.C. § 1951(a) (Count One), and for using and carrying a firearm during and in relation to a crime of violence, to wit: Attempted Hobbs Act Robbery, in violation of 18 U.S.C. § 924(c)(1) (Count Two). (ECF No. 1 at 1–2.)

On December 2, 2011, Jones pled guilty to Counts One and Two pursuant to a Plea Agreement he reached with the Government. (ECF No. 14.) Among other things, the parties agreed to recommend to the Court that Jones be sentenced to "a total sentence of 20 years [or 240 months] imprisonment." (*Id.* at 3.)

On March 9, 2012, the Court sentenced Petitioner to 120 months of imprisonment for Count One and a consecutive sentence of 120 months of imprisonment for Count Two. (ECF No. 24.) Jones did not appeal.

On October 10, 2012, the Court received a 28 U.S.C. § 2255 motion from Jones. ("First § 2255 Motion," ECF No. 27.) On October 20, 2014, the Court denied Jones' First § 2255 Motion. (ECF Nos. 37, 38.) Jones did not appeal.

On July 8, 2016, the Court received an Order from the United States Court of Appeals for the Fourth Circuit authorizing Jones to file a second or successive § 2255 motion in this Court based upon *Johnson v. United States*, 576 U.S. 591 (2015). (ECF No. 39.) On July 11, 2016, the Court received a corresponding § 2255 motion from Jones. ("Second § 2255 Motion," ECF No. 40.) On April 5, 2019, the Court denied Jones' Second § 2255 Motion. (ECF Nos. 47, 48.) Jones did not appeal.

On June 23, 2020, with the assistance of the Federal Public Defender, Jones filed another successive § 2255 motion. ("Third § 2255 Motion," ECF No. 49.) However, because Jones did not receive prior authorization from the Fourth Circuit for his Third § 2255 Motion, the Court dismissed it as an unauthorized successive § 2255 motion on September 3, 2020. (ECF Nos. 52, 53.) Jones did not appeal.

On April 5, 2021, the Court received an Order from the Fourth Circuit authorizing Jones to file the present successive § 2255 motion in this Court. (ECF No. 54.) On April 12, 2021, the Court appointed the Federal Public Defender to represent Jones and set a briefing schedule. (ECF No. 55.)

2

In his Fourth § 2255 Motion, Petitioner cites to and relies upon the Fourth Circuit's recent decision in *United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020) (holding that Attempted Hobbs Act Robbery is not a "crime of violence" under 18 U.S.C. § 924(c)(3)(A)). On July 2, 2021, the Supreme Court of the United States granted the Government's Petition for a Writ of Certiorari in that matter. *Taylor*, 979 F.3d at 203, *cert. granted*, 141 S. Ct. 2882 (2021).

On July 13, 2021, the Government filed a Motion to Hold Defendant's Pending 2255 in Abeyance ("Motion to Hold in Abeyance," ECF No. 57) pending the Supreme Court's resolution of *Taylor*. By Memorandum Order entered on August 3, 2021, this Court granted the Government's Motion to Hold in Abeyance and suspended the briefing schedule provided in the Memorandum Order entered on April 12, 2021. (ECF No. 59.) This Court directed the Government to file a response to the Fourth § 2255 Motion within forty–five (45) days of the Supreme Court's resolution of *Taylor*.

On June 21, 2022, the Supreme Court affirmed the Fourth Circuit's decision in *Taylor*. 142 S. Ct. at 2026. On August 31, 2022, the Government filed a response to the Fourth § 2255 Motion, in which it conceded that after *Taylor* Count Two is no longer valid and should be vacated. (ECF No. 64 at 1.) Jones filed a reply in which he contends that the appropriate course of action at this juncture would be a resentencing. (ECF No. 66 at 1.)

## II. ANALYSIS

In *Johnson v. United States*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")]

3

violates the Constitution's guarantee of due process." 576 U.S. 591, 606 (2015).[1] The *Johnson* Court concluded that the way the Residual Clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" was unconstitutionally vague because the clause encompassed "conduct that presents a serious potential risk of physical injury to another," which defied clear definition. *Id.* at 596–97 (citation omitted). Subsequently, in *Welch v. United States*, the Supreme Court stated that "*Johnson* announced a substantive rule [of law] that has retroactive effect in cases on collateral review." 578 U.S. 120, 135 (2016).

Title 18 U.S.C. § 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. § 924(c)(1)(A)(ii). Additionally, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. § 924(c)(1)(A)(iii).

---

[1] The ACCA provides:

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the Residual Clause, the term "violent felony" had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 576 U.S. at 593 (quoting 18 U.S.C. § 924(e)(2)(B)).

4

At the time of Jones' convictions, the United States could demonstrate that an underlying offense constitutes a crime of violence if it established that the offense is a felony and satisfies one of two requirements:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "elements clause")], or
(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "residual clause")].

§ 924(c)(3).

In 2019, the Supreme Court invalidated the residual clause. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) (holding that "§ 924(c)(3)(B) is unconstitutionally vague"). Thus, for Jones' § 924(c) conviction in Count Two to remain valid, it must be predicated upon a valid crime of violence under the elements clause.

### A. Count Two is Not Supported by a Valid Predicate Offense

The Supreme Court recently held that Attempted Hobbs Act Robbery does not qualify as a crime of violence under the elements clause. *Taylor*, 142 S. Ct. at 2020–21. The Government concedes, and the Court agrees, that after *Taylor*, Count Two must be vacated. (ECF No. 64 at 1.) Accordingly, the Fourth § 2255 Motion (ECF No. 56) will be granted and Jones' conviction and sentence on Count Two will be vacated.

### B. The Appropriate Remedy

The Fourth Circuit has explained that:

> the end result of a successful § 2255 proceeding must be the vacatur of the prisoner's unlawful sentence (and perhaps one or more of his convictions) and one of the following: (1) the prisoner's release, (2) the grant of a future new trial to the prisoner, (3) or a new sentence, be it imposed by (a) a resentencing or (b) a corrected sentence.

5

*United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007) (footnote omitted) (citing 28 U.S.C. § 2255(b)). "[T]he goal of § 2255 review is to place the defendant in exactly the *same* position he would have been had there been no error in the first instance." *Id.* at 665 (citations omitted) (internal quotation marks omitted).

Both the Government and Jones agree that the appropriate remedy is to conduct a full resentencing on Count One, the sole remaining count of conviction. (ECF No. 64); *see United States v. Ventura*, 864 F.3d 301, 309 (4th Cir. 2017) (noting, in a direct appeal, that "[w]e agree with our sister circuits that 'when a defendant is found guilty on a multicount indictment, there is a strong likelihood that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan,' and that if some counts are vacated, 'the judge should be free to review the efficacy of what remains in light of the original plan'") (quoting *United States v. Townsend*, 178 F.3d 558, 567 (D.C. Cir. 1999)); *see also United States v. Said*, 26 F.4th 653, 665 n.19 (4th Cir. 2022) ("[T]he 'sentence-package theory,'... provides that in appropriate circumstances resentencing on all counts is a proper remedy under § 2255 for a single unlawful conviction.") (quoting *United States v. Chaney*, 911 F.3d 222, 226 (4th Cir. 2018)). Accordingly, within fifteen (15) days from the date of entry hereof, counsel for the Government and for Jones shall contact the Court to set this matter for resentencing.

### III. CONCLUSION

Jones' Motion to Expedite Ruling on 28 U.S.C. § 2255 Motion (ECF No. 61) will be granted to the extent that Jones' Fourth § 2255 Motion (ECF No. 56) will be granted as to Count Two. Jones' conviction and sentence on Count Two will be vacated. Within

fifteen (15) days from the date of entry hereof, counsel for the Government and counsel for Jones shall contact the Court to set the matter for resentencing. The Clerk will be directed to transmit a copy of this Memorandum Opinion and Order to the United States Probation Office. The United States Probation Office will be directed to prepare a revised Presentence Investigation Report for the forthcoming resentencing.

An appropriate Order shall issue.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Sept. 21, 2022
Richmond, Virginia